# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN MATTHEW BRAISKE,<br><br>Defendant. | Case No. CR09-0073<br><br>ORDER FOR PRETRIAL DETENTION |

On the 2nd day of November, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel W. Huitink. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## RELEVANT FACTS

On October 21, 2009, Defendant Ryan Matthew Braiske was charged by Indictment (docket number 3) with possession with intent to distribute and aiding and abetting the possession with intent to distribute MDMA (ecstacy). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on December 21, 2009.

Special Agent Jessie Whitmer of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the instant charge. On September 24, 2009, a van owned and operated by Defendant was stopped traveling eastbound on Interstate 80. According to officers, Defendant was not wearing a seatbelt. Co-Defendant John Williams Powell Mayo was a passenger in the vehicle being driven by Defendant.

Following the stop, Trooper Nathan Andrews of the Iowa State Patrol brought Defendant back to his squad car in order to write a citation. Defendant, who lives in St. Charles, Illinois, told Trooper Andrews that he had driven to Colorado, where he met

1

Mayo. However, Mayo gave officers a different story. He told the trooper that he had ridden with Defendant from Illinois to Colorado. The defendants also disagreed on the length and purpose of their stay in Colorado. When confronted, neither Defendant nor Mayo could give a satisfactory explanation for the discrepancies. According to officers, both appeared "extremely nervous."

Officers observed an "inch-by-inch bindle" on the ground outside the passenger door of the van. Another bindle, which is consistent with the packaging of controlled substances, was seen on the floor of the vehicle between Mayo's feet. Both Defendant and Mayo consented to a search of their persons and the vehicle. No weapons or controlled substances were found on Defendant or Mayo.

A search of the vehicle, however, revealed evidence that the vinyl on the door had been tampered with. Officers removed the door panel on the passenger side and found two packages containing a white powdery substance. Four additional packages were found inside the sliding door of the van. The powder tested negative for cocaine, but tested positive for methamphetamine. It was delivered to the DCI laboratory on the following day and was identified as MDMA (ecstacy). According to Special Agent Whitmer, the amount seized weighed 3,300 grams and has a street value in excess of $400,000.

According to the pretrial services report, Defendant is 27 years old, has never been married, and has no children. Defendant dropped out of school in the 11th grade, but subsequently earned his GED while incarcerated in Minnesota. Defendant resides with his parents in St. Charles, Illinois. He has been unemployed for the past five months. Prior to that time, he worked at a pizzeria in Chicago.

Defendant does not have any history of physical or mental health problems. Defendant admitted using marijuana in the past, but reported that he has not used it since 2006. Defendant admits consuming alcohol on weekends, but denies that his alcohol consumption is problematic.

Defendant's prior criminal record dates back to a conviction for battery in 1999. In 2000, Defendant was convicted of manufacture/delivery of 30+ grams of ketamine in

Cook County, Illinois, and, in a separate incident, possession of drug paraphernalia. In 2002, while on probation for the manufacture/delivery charge, Defendant was convicted of possession of cannabis in Kane County, Illinois. Later in 2002, Defendant was convicted of possession of 30 to 500 grams of cannabis in DuPage County, Illinois.

In December 2004, Defendant was charged with possession of cannabis, possession of drug paraphernalia, and driving under the influence of drugs in DuPage County. Defendant was not prosecuted on the first two counts, but was convicted on the third count and placed on probation. In 2006, while on probation in DuPage County, Defendant was convicted in Becker County, Minnesota, of possession of three grams or more of a cocaine mixture. In January 2007, Defendant was sentenced to 27 months in prison, and was discharged from custody in October 2008. Apparently, Defendant's probation in DuPage County continued after Defendant was released from prison in Minnesota. It is alleged that Defendant has failed to report to his probation officer as required, failed to attend drug treatment and testing, and failed to attend a "victim impact panel." A warrant was issued for Defendant's arrest when he failed to appear at a court hearing on September 11, 2009, and the warrant remains active at this time.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or

combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession with intent to distribute and aiding and abetting the possession with intent to distribute MDMA (ecstacy), which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character,

physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute and aiding and abetting the possession with intent to distribute MDMA (ecstacy). According to Special Agent Whitmer, the street value of the MDMA found in the van owned and operated by Defendant exceeds $400,000. Defendant has lived with his parents in Illinois for the past year, but prior to that time was imprisoned in Minnesota. At the time of his arrest, Defendant was returning from a trip to Colorado. Defendant is unemployed, unmarried, and has no children. A warrant is currently outstanding for Defendant's arrest in Illinois as a consequence of his failure to appear at a court hearing. Defendant has three prior felony drug convictions, and was on probation when he committed the third felony drug offense in Minnesota. While Defendant has only one prior conviction for a violent offense, drug trafficking constitutes a generalized danger to the community.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of

persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 26, 2009) to the filing of this Ruling (November 2, 2009) shall be excluded in computing the time

within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 2nd day of November, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA