# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RYAN MATTHEW BRAISKE, JOHN WILLIAMS POWELL MAYO,<br><br>　　　　Defendants. | No. 09-CR-73-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendants Ryan Matthew Braiske's and John Williams Powell Mayo's Objections ("Objections") (docket no. 63) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation ("Report and Recommendation") (docket no. 59). Judge Scoles recommends that the undersigned deny Defendant Braiske's Motion to Suppress (docket no. 26) and Defendant John Williams Powell Mayo's Motion to Suppress (docket no. 30) (together, the "Motions").

## *II. RELEVANT PROCEDURAL HISTORY*

On October 21, 2009, a grand jury returned a one-count Indictment (docket no. 3) against Defendants. Count 1 charges Defendants with Possession with Intent to Distribute and Aiding and Abetting the Possession with Intent to Distribute MDMA, in violation of 21 U.S.C. § 841, 21 U.S.C. § 851 and 18 U.S.C. § 2.[1] On November 23, 2009, Defendant Braiske filed his Motion to Suppress. On November 24, 2009, Defendant Mayo filed his Motion to Suppress. On December 2, 2009, the government filed Resistances to both Motions (docket nos. 37 & 38). On December 7, 2009, Judge Scoles held a hearing

---

[1] MDMA is an abbreviation for methylenedioxymethamphetamine, commonly known as "ecstacy."

("Hearing") on the Motions. Attorney Jane Kelly represented Defendant Braiske, who was personally present. Attorney Clemens Erdahl represented Defendant Mayo, who was personally present. Special Assistant United States Attorney Daniel Chatham represented the government. On the same date, Defendants entered conditional pleas of guilty. On December 22, 2009, the undersigned accepted Defendants' guilty pleas.

On December 23, 2009, Judge Scoles submitted the Report and Recommendation. On January 6, 2010, Defendant Braiske submitted his Objections. On January 7, 2010, Defendant Mayo joined in Defendant Braiske's Objections (docket no. 66).

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 29 U.S.C. § 636(b)(1); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 59(b)(3) (stating a district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the Report and Recommendation de novo.

### IV. ANALYSIS

#### A. Conclusions of Law

Defendants raise four objections to the Report and Recommendation. Upon de novo review of the record in its entirety, the court shall sustain the first Objection in part and

2

overrule the first Objection in part. The court shall overrule the second, third and fourth Objections. The court affirms Judge Scoles's conclusion that the Motions should be denied.

### 1. *Factors relevant to scope of consent search*

In their first Objection, Defendants object to "the inference that the discovery of a flat-head screwdriver in the van, [Defendant] Braiske's criminal history[] and [D]efendants' inconsistent stories regarding their trip are relevant to the question of whether Trooper Andrews exceeded the scope of [Defendant] Braiske's consent when he used a screw driver to pry back paneling on the van." Objections at 1.

Consent searches are governed by a standard of "reasonableness." *See United States v. Urbina* 431 F.3d 305, 310 (8th Cir. 2005) ("We measure the scope of consent under the Fourth Amendment using an objective standard of reasonableness, considering what an objectively reasonable person would have understood the consent to include."). This "reasonableness" standard limits the scope of consent searches to areas where an inquired-about item or items may be. *See United States v. Alcantar*, 271 F.3d 731, 738 (8th Cir. 2001) ("[W]hen an officer receives consent to search for an item that can be easily hidden, the officer may conduct a sufficiently thorough search to find those items."). In *United States v. Siwek*, 453 F.3d 1079, 1085 (8th Cir. 2006), the court held that "when [the defendant] voluntarily gave a general statement of consent to search his truck, he authorized a search for the items about which [the law enforcement officer conducting the traffic stop] had questioned him—weapons, stolen property and illegal drugs." The court concluded that "[i]t was objectively reasonable for [the law enforcement officer conducting the traffic stop] to search any part of the truck where these items might be stored." *Siwek*, 453 F.3d at 1085.

The court must determine which items the trooper obtained consent to search for in the van. This finding is necessary to determine the scope of the consent search. The

parties do not dispute that Iowa State Patrol Trooper Nathan Andrews received consent to search the vehicle for guns, knives, explosives, large amounts of money and drugs. In determining the scope of this consent, the court considers where in the van Defendants may have stored those items. Therefore, the court agrees that Defendant Braiske's criminal history and Defendants' inconsistent stories are not relevant to the issue of whether Trooper Andrews exceed the scope of the consent search. Accordingly, the court shall sustain the first Objection with respect to Judge Scoles's reliance on Defendant Braiske's criminal history and Defendants' inconsistent stories in his analysis regarding scope of consent.

The court finds, however, that the trooper's discovery of the screwdriver is relevant to the scope of the consent search, and shall overrule the remainder of the first Objection. While searching containers or areas where the object of the search may be present, law enforcement officers may "probe underneath the vehicle[] and open compartments that appear to be false or puncture such compartments in a minimally intrusive manner." *United States v. Ferrer-Montoya*, 483 F.3d 565, 568 (8th Cir. 2007). Therefore, evidence indicating that a compartment may be false is relevant to the scope of the search. *See id.* (officer did not exceed scope of consent to search for drugs by removing screws to access hidden compartment after noticing "scarred screws."). Before Trooper Andrews pulled back the panel, he discovered a screwdriver in the cargo area of the van. This discovery led him to believe, based on his training and experience, that drugs may be stored in an area that was not accessible without the use of a tool, such as a screwdriver. Accordingly, the court overrules the first Objection to the extent it disputes Judge Scoles's reliance on the trooper's discovery of a screw driver in his analysis regarding scope of consent.

The court shall modify the Report and Recommendation to eliminate any inference that Defendant Braiske's criminal history and Defendants' inconsistent stories are relevant to determine the scope of the consent search and whether Trooper Andrews exceeded that

4

scope. The court shall adopt the remainder of the Report and Recommendation relevant to the first Objection.

## 2. *Scope of consent search*

In their second Objection, Defendants object to "the conclusion 'that Trooper Andrews was acting within the scope of the consensual search when he pulled back the paneling in the minivan.'" Objections at 1 (quoting Report and Recommendation at 10). Defendants further argue that "it is not objectively reasonable for an officer to dismantle a portion of the body of the vehicle itself in an effort to find such contraband." Objections at 2.

As explained in Section IV.A.1 above, consent searches are governed by an "objective standard of reasonableness." *Urbina*, 431 F.3d at 310. Defendants' general consent extended to areas of the van where guns, knives, explosives, large amounts of money or drugs may be hidden. *See Siwek*, 453 F.3d at 1085 (holding that a search under a locked tonneau cover on a truck using a wire probe and a flashlight was reasonable, because the officer had consent to search the vehicle for drugs). Trooper Andrews was reasonable in his belief that drugs may be hidden behind the van's paneling. Therefore, a search of that area was permissible pursuant to Defendants' consent.

The court disagrees with Defendants' contention that the dismantling of the panel rendered the search unreasonable. As previously stated, the scope of a consent search extends to any area where the object of the search may be. *Id*. Additionally, Trooper Andrews's discovery of the screwdriver alerted him to the fact that drugs may be stored behind the van's paneling. Trooper Andrews pulled back the paneling in a "minimally intrusive manner." *Ferrer-Montoya*, 483 F.3d at 568. Accordingly, Trooper Andrews's action of pulling back the paneling was reasonable. *Id*. The court overrules Defendants' second Objection.

### 3. *Revocation of consent*

In their third Objection, Defendants object to Judge Scoles's finding that Defendant Braiske was not deprived of his opportunity to revoke his consent. Judge Scoles found this case indistinguishable from *United States v. Gallardo*, 495 F.3d 982 (8th Cir. 2007).

An individual who has consented to search may revoke or limit the scope of that consent. *Gallardo*, 495 F.3d at 990. In *Gallardo*, a law enforcement officer received consent from the defendant to search his car. *Id*. The defendant argued that he was "deprived of an opportunity to withdraw or limit the scope of his consent after the search began because [the officer] told him to sit in the squad car during the search." *Id*. The Eighth Circuit Court of Appeals held that the defendant had not been deprived of his opportunity to revoke consent: "[t]he squad car was parked immediately behind Gallardo's truck. Gallardo was not handcuffed, and he sat in the front seat of the squad car for the duration of the search. If Gallardo wished to withdraw is consent, there is not evidence that he was unable to do so . . . ." *Id*.

The court agrees with Judge Scoles. The facts of this case are indistinguishable from *Gallardo*. The squad car was parked behind the van, Defendant Braiske was not handcuffed and he sat in the front seat of the squad car. In addition, while Trooper Andrews conducted the search, another trooper stood outside the squad car. No evidence suggests that Defendant Braiske was unable to communicate with that trooper or that he tried to do so. Accordingly, the court overrules Defendants' third Objection.

### 4. *Automobile exception*

In their Fourth Objection, Defendants "object[] to the conclusion 'that Trooper Andrews had probable cause to search the minivan for contraband under the automobile exception.'" Objections at 3 (quoting Report and Recommendation at 13). In other words, Defendants object to Judge Scoles's conclusion that, even if Trooper Andrews exceeded the scope of the consent search, the items discovered during the search are admissible

6

under the automobile exception. The automobile exception "permits police to conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." *United States v. Kennedy*, 427 F.3d 1136, 1140-41 (8th Cir. 2005). "Probable cause sufficient to justify a search exists where, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 1142 (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Gleich*, 397 F.3d 608, 612-13 (8th Cir. 2005)).

The court agrees with Judge Scoles's probable cause analysis. Judge Scoles lists five facts that, when considered as a whole, amount to probable cause to search the van. These five facts are: (1) Defendant Braiske's nervous behavior; (2) Defendant Mayo's nervous behavior; (3) Defendant Braiske's and Defendant Mayo's inconsistent stories regarding the purpose of their trip; (4) Defendant Braiske's criminal history and (5) the discovery of two bindles with markings consistent with drug packaging. The court finds that even if Trooper Andrews exceed the scope of Defendants' consent, the items recovered during the search are admissible under the automobile exception. Accordingly, the court overrules Defendants' fourth Objection.

### 5. *Summary*

In light of the foregoing, the court sustains Defendants' first Objection in part and overrules the first Objection in part. The court overrules the remaining Objections and adopts the Report and Recommendation as modified.

### V. CONCLUSION

In light of the foregoing analysis, the court **ORDERS:**

(1) The Objections (docket no. 63) are **OVERRULED IN PART AND SUSTAINED IN PART**;

(2) The Report and Recommendation (docket no. 59) is **ADOPTED AS MODIFIED**; and

(3) The Motions (docket nos. 26 & 30) are **DENIED.**

**IT IS SO ORDERED**.

**DATED** this 21st day of January, 2010.

*[Signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA